**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>ANTHONY LI WONG SHUE, JR.<br><br>Debtor. | Case No. 24-11657 KHT<br><br>Chapter 7 |

**ORDER TO FILE RESPONSE**

THIS MATTER came before the Court on the Application to Employ Sarachek Law as Special Counsel (the "Application," docket #67) filed by Chapter 7 Trustee Robertson Cohen (the "Trustee"). After the filing of the Application, the Court entered its Chambers Procedure Order 2025-01 (copy attached). The Court will require the Trustee to file a response to this Order addressing the specific factors set forth in the Chambers Procedure Order. Any response filed, as well as any supplemental or revised application, shall be deemed to relate back to the filing date of the Application unless otherwise ordered.

Accordingly, it is

HEREBY ORDERED that the Trustee must file a response to this Order within 28 days of the date of this Order, failing which the Application may be denied without further opportunity for hearing.

Dated: September 30, 2025

BY THE COURT:

_____
Kimberley H. Tyson, Judge
United States Bankruptcy Court

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

In the Matter of Applications to Employ Attorneys on a Contingent Fee Basis

**CHAMBERS PROCEDURE ORDER 2025-01**

THIS ORDER is adopted pursuant to this Court's authority and obligation to review attorneys' fees for reasonableness. See 11 U.S.C. § 330;[1] *In re Tahah*, 330 B.R. 777, 780–81 (10th Cir. BAP 2005) ("It is well-established that bankruptcy courts have a duty to independently evaluate the propriety of the compensation requested under § 330.") (citing 3 *Collier on Bankruptcy* ¶ 330.04[4][c] (Lawrence P. King, ed., 15th ed. rev. 2003); *In re Yates*, 217 B.R. 296, 301 (Bankr. N.D. Okla.1998) ("The use of 'flat' or 'customary' fees [to be awarded without a detailed fee application] does not relieve the bankruptcy court of its statutory duty to review the fees incurred to determine their reasonableness.")).

The Court has before it several cases with pending applications to employ attorneys to be compensated on a contingent fee basis. To resolve those applications and to provide guidance to attorneys and parties appearing before this Court, the Court will set forth its analysis in detail below, starting with an overview of employment under § 327 and compensation arrangements under § 328, followed by a discussion of the Court's obligation to review fees under § 330, and concluding with factors the Court finds relevant to the approval of employment and compensation of attorneys on a contingent fee basis. A copy of this order will be incorporated into a separate order entered in each case with a pending application.

    **A.**    **Employment under § 327.**

Section 327 provides for employment of counsel, as follows:

(a)    Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

(b)    If the trustee is authorized to operate the business of the debtor under section 721, 1202, or 1108 of this title, and if the debtor has

---

[1] Further references to "section" are to those of the Bankruptcy Code, 11 U.S.C., unless otherwise indicated.

> regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.
>
> . . . .
>
> (d) The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate.
>
> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

§ 327(a)-(e).

The applications before the Court seek employment of counsel under § 327(a). Section 327(a) does not set different standards for employment of attorneys who handle all aspects of a bankruptcy case than for employment of attorneys who handle more limited aspects of a bankruptcy case. The requirements, including disinterestedness, apply equally to all employed under § 327(a). But, § 327(a) does not prohibit attorneys from being employed for limited purposes, depending on the needs of the case, and under § 328(a), as discussed below, different attorneys may be employed under different compensation agreements. Those seeking approval of employment of attorneys on a limited-scope basis may colloquially refer to those attorneys as "special counsel," but the term "special counsel" should not be confused with attorneys who have previously represented debtors and seek employment under § 327(e).[2]

### B. Compensation under § 328(a).

Section 328(a) provides for compensation of counsel, as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms

---

[2] Only attorneys who have previously represented a debtor may be employed under § 327(e). *See, e.g., Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 850 (D. Del. 1996).

and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

The language "the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions" has been interpreted as meaning a bankruptcy court cannot, after the fact, change a manner of compensation from one type to another, such as from contingency fee to hourly rate, unless un-anticipatable developments occur between the approval of the compensation type and the conclusion of the employment. The Court does not disagree with this premise. But, the Court recognizes a distinction between changing a manner of compensation, which may be restricted by § 328, and reviewing compensation for reasonableness, which is required by § 330.

Some caselaw has developed to hold employment or compensation "pre-approved under § 328" cannot later be reviewed for reasonableness under § 330. *See, e.g., In re Airspect Air, Inc.*, 288 B.R. 464, (6th Cir. BAP 2003) (holding the bankruptcy court could not review fees for reasonableness under § 330 because it had pre-approved employment under § 328(a)), *rev'd*, 385 F.3d 915, 922 (6th Cir. 2004) (holding the bankruptcy court had not pre-approved compensation under § 328(a), considering the totality of the circumstances, including "whether the [application or motion] specifically requested fee pre-approval, whether the court's order assessed the reasonableness of the fee, and whether either the order or the motion expressly invoked § 328."). While such caselaw may serve an important purpose of providing clarity and guidance for those who seek compensation on a contingent fee basis and for those tasked with review of fees for reasonableness, this Court cannot find the plain language of the Code supports a distinction between employment or compensation "under § 328" and other employment or compensation. All employment is approved under § 327. All compensation is approved under § 328. The first sentence of § 328(a) sets forth examples of different forms of compensation, including hourly rates, contingent fees, and fixed fees. It does not set any one form of compensation apart for separate treatment. Thus, there should be no special significance given to applications that cite or reference § 328 or § 328(a). The Court will discuss its obligation to review fees under § 330 below but hereby emphasizes that in cases before it, the Court will not find approval "under § 328" provides any special status

or otherwise insulates a particular form of compensation from this Court's reasonableness review.

### C. Court Review of Fees under § 330.

Section 330(a) requires bankruptcy courts to review all compensation for reasonableness, as follows:

(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—

   (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

   (B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

   (A) the time spent on such services;

   (B) the rates charged for such services;

   (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

   (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> (4)
>
> (A) Except as provided in subparagraph (B), the court shall not allow compensation for—
>
> (i) unnecessary duplication of services; or
>
> (ii) services that were not—
>
> (I) reasonably likely to benefit the debtor's estate; or
>
> (II) necessary to the administration of the case.
>
> (B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(1)-(4).

As discussed above, some courts have found approval of a contingent fee arrangement under § 328 prohibits the court from reviewing fees for reasonableness under § 330. This Court cannot agree. The plain language of § 330 requires the Court to review all fees for reasonableness, and it specifies factors the Court must consider in its analysis, including the lodestar factors (the number of hours reasonably spent, multiplied by a reasonable hourly rate). To be sure, § 330(a) states the Court's reasonableness review is "subject to sections 326, 328, and 329." But, stating the Court's review is "subject to" § 328 is not the same as saying the Court's review applies only to hourly fees approved under § 328. As discussed above, the Court recognizes a distinction between changing a manner of compensation, which may be restricted by § 328, and reviewing compensation for reasonableness, which is required by § 330. Construing the § 328 prohibition against retroactively changing compensation methods as a prohibition against § 330 review for reasonableness results in an abdication of the

Court's responsibility to review all fees.

Further, Tenth Circuit precedent requires this Court to review all fees under § 330, regardless of the method of compensation. In the case of *In re Market Center East Retail Property, Inc.*, 730 F.3d 1239 (10th Cir. 2013), the debtor owned a shopping center. Pre-petition, Lowe's had signed a contract to purchase the shopping center property but later declined to proceed with the purchase. The debtor retained an attorney to sue Lowe's for breach of contract. The debtor and the attorney negotiated a hybrid agreement providing for compensation of $200 per hour plus a contingency fee of 15% of any sums recovered in damages or the purchase price of the shopping center. At the time, the parties expected the value of the case to be $200,000. But, after the attorney filed the lawsuit, Lowe's made a settlement offer to purchase the shopping center for $7,500,000.

Shortly after Lowe's made its settlement offer, the debtor filed a Chapter 11 bankruptcy petition. During the bankruptcy case, the debtor and Lowe's reached a settlement pursuant to which Lowe's purchased the property for $9,750,000. When the attorney sought payment of his fee, including the contingency fee, the debtor and creditors objected. The bankruptcy court found the attorney should be awarded a 15% contingent fee based on the sale price increase of $2,250,000, not the full $9,750,000. With the $200 hourly rate and 15% of $2,250,000, the bankruptcy court awarded the attorney $350,752.06, which represented an approximate hourly rate of $8,632.25.

The debtor appealed to the Tenth Circuit Bankruptcy Appellate Panel, which affirmed the bankruptcy court's decision, and then appealed to the Tenth Circuit Court of Appeals, which reversed. *See In re Market Center East Retail Property, Inc.*, 469 B.R. 44 (10th Cir. BAP 2012), *rev'd*, 730 F.3d 1239 (10th Cir. 2013).

The Tenth Circuit Court of Appeals held bankruptcy courts must conduct a § 330 reasonableness review of all fee applications, and that reasonableness review must include the lodestar factors set forth in § 330(a)(3) plus the "additional relevant factors" set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir. 1974), which are as follows:

(1) The time and labor required.
(2) The novelty and difficulty of the questions.
(3) The skill requisite to perform the legal service properly.
(4) The preclusion of other employment by the attorney due to acceptance of the case.
(5) The customary fee.
(6) Whether the fee is fixed or contingent.
(7) Time limitations imposed by the client or the circumstances.
(8) The amount involved and the results obtained.

 (9) The experience, reputation, and ability of the attorneys.
 (10) The "undesirability" of the case.
 (11) The nature and length of the professional relationship with the client.
 (12) Awards in similar cases.

*In re Market Center East Retail Property, Inc.*, 730 F.3d at 1247.

Thus, under the plain language of the Code and applicable Tenth Circuit precedent, this Court must review all fee applications for reasonableness, and that review must include the lodestar factors set forth in § 330(a)(3) as well as relevant *Johnson* factors. Failure to consider the lodestar factors set forth in § 330(a)(3) is reversible error. Failure to consider applicable *Johnson* factors is reversible error.

  **D.** **Considerations for Approval of Contingent Fee Compensation.**

The Code allows for employment and compensation of attorneys on reasonable terms, specifically including a contingent fee basis. The Court does not find it appropriate to limit parties' ability to enter into agreements providing for employment and compensation on a contingent fee basis. But, given the confusion that may arise when an attorney agrees to perform work on a contingent fee basis and later finds the fees reviewed using the lodestar and *Johnson* factors, the Court will require applications to employ or compensate attorneys on a contingent fee basis to include the following:

  1. A showing contingent fee compensation is appropriate for the matter being pursued;[3]

  2. A showing it would be difficult or burdensome to obtain adequate representation on an hourly fee compensation basis, or a showing contingent fee compensation is standard in the practice area for which the attorney is to be employed, such as personal injury matters; and

  3. An acknowledgement the attorney's fees are subject to the Court's review under § 330 using the lodestar and *Johnson* factors, as applicable, and the attorney will, to the extent practicable, prepare and maintain contemporaneous time records to facilitate the

---

[3] For example, contingent fee compensation may not be appropriate for an attorney whose employment is not limited to a particular matter or cause of action (i.e. an attorney who handles all aspects of a bankruptcy case may be more appropriately compensated on an hourly rate basis). Or, contingent fee compensation may not be appropriate for an attorney retained to pursue a cause of action that allows for recovery of attorney's fees when those fees are determined according to an hourly rate.

Court's review.[4]

The applications now pending before the Court cannot be faulted for failure to comply with requirements that were not clearly set forth before the applications were filed. But, the Court will nevertheless consider carefully each pending application to determine whether the applicant has demonstrated the appropriateness of contingent fee compensation, and the Court may deny without prejudice any application that does not make a sufficient showing.

Finally, the Court underscores the above factors apply to the employment and compensation of attorneys. The factors are less appropriately applied to the employment and compensation of non-attorney professionals, such as auctioneers, where contingent fees are more commonly accepted as reasonable compensation and where most or all of the lodestar and *Johnson* factors may not be relevant or applicable.

A separate order shall enter in each case.

Dated the 30th of September, 2025.

Kimberley H. Tyson
United States Bankruptcy Judge

---

[4] The Court's Local Rule 2016-1 also requires every request for professional compensation include time records. It does not make an exception for fees sought on a contingent or flat basis.